**CITY OF STUART, FLORIDA, et al., Plaintiffs,**

v.

**CLIFFORD RAGSDALE, INC., a Florida Corporation d/b/a Commercial Electric Company, et al., Defendants.**

**No. 75–2437–Civ–JLK**

United States District Court,
S. D. Florida.

March 5, 1976.

---

Kaplan, Dorsey, Sicking & Hessen, Miami, Fla., for plaintiffs.

Dixon, Dixon, Lane & Mitchell, Miami, Fla., Carlton, Fields, Ward, Emmanuel, Smith & Cutler, Orlando, Fla., Paul & Thomson, Miami, Fla., Brant & Baldwin, North Palm Beach, Fla., for defendants.

**ORDER GRANTING MOTIONS
TO DISMISS**

JAMES LAWRENCE KING, District Judge.

This cause came on for consideration upon the motions of defendants Hartford Accident & Indemnity Co., Federal Insurance Co., and Travelers Indemnity Co., to dismiss. The court, having heard oral argument, having considered the record and being fully advised in the premises, finds and concludes that the motions should be granted.

The court has jurisdiction over this case pursuant to 29 U.S.C. § 185(a), to enforce a collective bargaining agreement between the plaintiff union and the defendant Clifford Ragsdale, Inc., d/b/a Commercial Electric Company. The plaintiffs seek to have this court take pendent jurisdiction over their state claims against the three surety defendants, who pursuant to Fla.Stat. § 255.05, issued performance and payment bonds

to the general contractors of certain public works projects. Defendant Ragsdale was a subcontractor of these general contractors on each of the public works projects and it was his alleged failure to pay fringe benefits and withhold union dues from wages, in breach of the collective bargaining agreement, that triggered this lawsuit.

The controlling issue on these motions is whether this court should in its discretion, exercise pendent jurisdiction over the state claims against these surety defendants. For reasons to follow, the court feels that it should not.

Counsel for the plaintiffs candidly admitted at the hearing that the real objective of their lawsuit was to reach the payment bonds of the surety defendants. Therefore, the real controversy of this lawsuit is whether or not employees of a subcontractor can reach the state mandated performance bonds issued to a general contractor to satisfy the nonpayment by the subcontractor of the fringe benefits and union dues. This is clearly an issue for state courts to decide.

The test for pendent jurisdiction was established in *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) and is three-pronged. Only one prong need be considered in this case because it is determinative. For a federal court to take pendent jurisdiction over a state court claim, "The state and federal claims must derive from a common nucleus of operative fact." *Gibbs, supra*, at 725, 86 S.Ct. at 1138, 16 L.Ed.2d at 228.

Plaintiffs have cited cases where in somewhat similar fact situations, federal courts have exercised pendent jurisdiction. *Connecticut General Life Insurance Co. v. Craton*, 405 F.2d 41 (5th Cir. 1968); *Local Union 323, International Brotherhood of Electrical Workers, et al v. Electric Utilities Construction Corp., et al*, Case No. 73–1873–Civ–CA, (S.D. Fla.1973). In the *Craton* case, the court found that the collective bargaining agreement required the employer to purchase an insurance policy for the benefit of the union. In the *Electric Utilities* case, the surety's principal was a signatory to the collective bargaining agreement. In the instant case, neither of these "operative facts" are present. None of the three sureties' principals on the bonds were signatories to the collective bargaining agreement. Furthermore, the collective bargaining agreement between the union and the employer/subcontractor did not require the subcontractor to affiliate himself with a general contractor who would post bonds to benefit the union, nor did the agreement require the *general* contractors to purchase bonds for the benefit of this union. For these reasons, the court finds that there is not present here, that common nucleus of operative fact that would persuade the court to take pendent jurisdiction over the claims against the sureties.

The court is further persuaded that dynamic principles of federalism and comity dictate against exercising pendent jurisdiction over these claims. The defendants point out that no Florida court has ever construed § 255.05 to authorize a suit by employees of a subcontractor to recover payment from a bond issued to a general contractor. Also, no state court, in construing § 255.05, has passed on the question of whether payment of fringe benefits, much less payment of union dues, is included in the term, "payment of wages in full."

These substantive issues of state law would have to be determined by this court if pendent jurisdiction was exercised. The court declines to forage into undecided areas of state law especially when as here, the parties agree that the real objective of the lawsuit is the resolution of the state claims. It is therefore,

Ordered and adjudged that the motions of the defendants Hartford, Federal and Travelers, to dismiss, be and the same are hereby granted and the complaint as to these defendants is dismissed with prejudice.